# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Allianz Life Insurance Company of North America,<br><br>    Plaintiff,<br><br>v.<br><br>Kathy D. Ryan, in her capacity as Trustee of The Brody Family Trust, and Lake Forest Bank & Trust Company, N.A.,<br><br>    Defendants. | Case No. 0:18-cv-02209-WMW-HB<br><br>**DEFENDANT KATHY D. RYAN'S ANSWER TO CROSS CLAIM, AND THIRD PARTY CLAIM, WITH JURY TRIAL DEMAND** |

Lake Forest Bank & Trust Company, N.A.,

    Crossclaimant,

v.

Kathy D. Ryan, in her capacity as Trustee of The Brody Family Trust,

    Crossclaim-Defendant.

*(caption continued)*

Lake Forest Bank & Trust Company, N.A.,

Third Party Plaintiff,

v.

Kathy D. Ryan, an individual,

Third Party Defendant.

**DEFENDANT KATHY D. RYAN'S ANSWER TO CROSS CLAIM, AND THIRD PARTY CLAIM**

Defendant Kathy D. Ryan ("Defendant" or "Ryan"), individually, and in her capacity as Trustee of The Brody Family Trust responds to the allegations of Lake Forest Bank & Trust Company, N.A.'s Cross Claim, and Third-Party Claim, filed September 28, 2018 as follows:

**LAKE FOREST'S CROSS CLAIM AGAINST KATHY D. RYAN, AS TRUSTEE AND THIRD PARTY CLAIM AGAINST KATHY D. RYAN**

1. Ryan is without sufficient information to admit or deny the allegations contained in Paragraph 1. To the extent that a response is required, the Paragraph is denied.

2. Ryan is without sufficient information to admit or deny the allegations contained in Paragraph 2. To the extent that a response is required, the Paragraph is denied.

3. Ryan admits the statement in Paragraph 3.

4. Ryan denies the statement in Paragraph 4.

5. Ryan denies the statement in Paragraph 5.

6. Ryan is without sufficient information to admit or deny the allegations contained in Paragraph 6. To the extent that a response is required, the Paragraph is denied.

7. Ryan is without sufficient information to admit or deny the allegations contained in Paragraph 7. To the extent that a response is required, the Paragraph is denied.

8. Ryan is without sufficient information to admit or deny the allegations contained in Paragraph 8. To the extent that a response is required, the Paragraph is denied.

9. Ryan admits the statement in Paragraph 9.

10. Ryan is not trustee of the Kathy Ryan Irrevocable Trust, dated March 26, 2016, and is without sufficient information to admit or deny the allegations contained in Paragraph 10. To the extent that a response is required, the Paragraph is denied.

11. Ryan does not have sufficient information to admit or deny the allegations in this Paragraph 11. To the extent that a response is required, the Paragraph is denied.

12. Ryan does not have sufficient information to admit or deny the allegations in this Paragraph 12. To the extent that a response is required, the Paragraph is denied.

13. Ryan denies that she knowingly executed a Personal Guaranty in favor of FIFC. Ryan states that she was fraudulently induced to sign a number of signature pages (with no accompanying pages) by her investment advisor Christopher Salisbury and believes that the signature page now attached to the alleged guaranty may have been one of the pages she signed. However, Ryan does not have sufficient information to admit or deny the allegations in this Paragraph 13, and therefore denies.

14. Ryan does not have sufficient information to admit or deny the allegations in this Paragraph 14. To the extent that a response is required, the Paragraph is denied.

15. Ryan does not have sufficient information to admit or deny the allegations in this Paragraph 15. To the extent that a response is required, the Paragraph is denied.

16. Paragraph 16 calls for a legal conclusion to which no response is required. To the extent a response is required, this Paragraph is denied.

## COUNT I:  LAKE FOREST'S CROSS CLAIM AGAINST KATHY D. RYAN, IN HER CAPACITY AS TRUSTEE OF THE BRODY FAMILY TRUST, FOR BREACH OF CONTRACT

17. Ryan incorporates her answers to Paragraphs 1 through 16 by reference.

18. Paragraph 18 calls for a legal conclusion to which no response is required.  To the extent a response is required, this Paragraph is denied.

19. Paragraph 19 calls for a legal conclusion to which no response is required.  To the extent a response is required, this Paragraph is denied.

20. Ryan does not have sufficient information to admit or deny the allegations in this Paragraph 20. To the extent that a response is required, the Paragraph is denied.

21. Paragraph 21 calls for a legal conclusion to which no response is required.  To the extent a response is required, this Paragraph is denied.

22. Paragraph 22 calls for a legal conclusion to which no response is required.  To the extent a response is required, this Paragraph is denied.

23. Ryan denies the allegations in Paragraph 23.

## COUNT II:  LAKE FOREST'S THIRD PARTY CLAIM FOR BREACH OF CONTRACT AGAINST KATHY D. RYAN

24. Ryan incorporates her answers to Paragraphs 1 through 23 by reference.

25. Ryan denies the allegations in Paragraph 25.

26. Paragraph 26 calls for a legal conclusion to which no response is required.  To the extent a response is required, this Paragraph is denied.

27. Paragraph 27 calls for a legal conclusion to which no response is required.  To the extent a response is required, this Paragraph is denied.

28. Paragraph 28 calls for a legal conclusion to which no response is required.  To the extent a response is required, this Paragraph is denied.

29. Ryan denies the allegations in Paragraph 29.

## PRAYER FOR RELIEF

As to the unnumbered paragraph, including all subsections, following the Prayer for Relief, Defendant Ryan denies that Plaintiff is entitled to any of the relief that it seeks.

Unless expressly admitted above, all material allegations of the Cross-claim and Third Party Claim, including but not limited to any contained in unnumbered paragraphs, are denied.

## AFFIRMATIVE DEFENSES

1. The Cross Claim and Third Party Claims fail to state a claim against Defendant Ryan upon which relief can be granted.

2. Defendant pleads forum non conveniens.

3. Defendant pleads unclean hands.

4. Defendant pleads the purported assignment was procured by fraud, illegality, or duress.  Specifically, the assignment was procured through a fraudulent and deceptive scheme to sell Defendant Ryan a $2,500,000 life insurance policy, which was financed through an Irrevocable Life Insurance Trust ("ILIT").  Defendant Ryan's financial advisor, Christopher Salisbury, explained to her that the Allianz Annuity Contract, Contract No. xxxx9437 ("Contract") would need to be held as collateral, that she would never have to pay premiums on the life insurance policy, and that the Contract would be released after seven years when the life insurance policy was paid off.  On the first anniversary of the life insurance policy, Defendant Ryan was surprised to find that the Note was in default and that the Contract was at risk of surrender.  Moreover, the notarized collateral assignment of the Contract, purportedly bearing Plaintiff's signature, was procured by fraud because Plaintiff was not in the mainland U.S. at the time the assignment was purportedly notarized by Salisbury in Orange County, California, and could not have signed the document on that date.

5. Defendant pleads the purported assignment was procured by mistake.

6. Defendant pleads improper venue.

7. Defendant pleads waiver and/or consent.

8. Defendant pleads estoppel.

10. Defendant pleads Plaintiff's claims are barred, in whole or in part, by acceptance, acquiescence, and/or ratification.

11. Defendant pleads the purported assignment is void or voidable.

12. Defendant pleads failure to mitigate damages.

13. Defendant pleads lack of mutuality, assent, and meeting of the minds as to the purported assignment.

14. Defendant pleads lack of consideration as to the purported assignment.

15. Defendant pleads the purported assignment was unconscionable.

16. Defendant pleads lack of personal jurisdiction.

17. Ryan expressly reserves the right to amend this Answer to assert any additional defenses as may become available or apparent during the course of discovery or as otherwise warranted.

## TRIAL BY JURY

Defendant is entitled to and hereby demands a trial by jury.

Dated: October 24, 2018

                        Respectfully submitted,

                        s/John H. Goolsby
                        John H. Goolsby, #0320201
                        **GOOLSBY LAW OFFICE, LLC**
                        475 Cleveland Ave. N, Suite 212
                        Saint Paul, MN 55104
                        Telephone:  (651) 646-0153
                        jgoolsby@goolsbylawoffice.com
                        **Attorney for Defendants**
                        **Kathy D. Ryan, in her capacity as Trustee of The Brody Family Trust, and Kathy D. Ryan, an individual**