# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Allianz Life Insurance Company of North America,

        Plaintiff,

v.

Kathy D. Ryan, in her capacity as Trustee of The Brody Family Trust, and Lake Forest Bank & Trust Company, N.A.,

        Defendants.

Case No. 0:18-cv-02209-WMW-HB

---

Lake Forest Bank & Trust Company, N.A.,

        Crossclaimant,

v.

Kathy D. Ryan, in her capacity as Trustee of The Brody Family Trust,

        Crossclaim-Defendant.

*(caption continued)*

Lake Forest Bank & Trust Company, N.A.,

        Third Party Plaintiff,

v.

Kathy D. Ryan, an individual,
and Michael Diyanni, in his capacity as
Trustee of The Kathy Ryan Irrevocable Trust, dated March 26, 2016

        Third Party Defendants.

## RULE 26(f) REPORT OF DEFENDANT, CROSSCLAIM-DEFENDANT, AND THIRD PARTY DEFENDANT KATHY D. RYAN, INDIVIDUALLY AND IN HER CAPACITY AS TRUSTEE OF THE BRODY FAMILY TRUST

    The pretrial conference in this matter is scheduled for **November 26, 2018**, before United States Magistrate Judge Hildy Bowbeer in Room 632, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

### DESCRIPTION OF CASE

    1.  Concise Factual Summary of Plaintiff's Claims;

    2. Concise Factual Summary of Defendant's claims/defenses;

**Ryan denies that this Court has personal jurisdiction over her; she has also pled improper venue and *forum non conveniens*.  [*See* Doc. No. 22.]  Ryan has scheduled a hearing before Judge Wright on January 29, 2019, on her motion to transfer and will be filing moving papers in accordance with LR 7.1.  Ryan respectfully does not intend to actively participate in litigation on the merits in this Court unless and until her motion to transfer is denied.  Accordingly, Ryan respectfully requests that the Court cancel the November 26, 2018, Pretrial Conference and stay litigation on the merits until the Court**

**rules on Ryan's motion.[1] Once the Court rules, Ryan intends to fully cooperate in litigation on the merits, including case scheduling, in the applicable forum.**

    2. Statement of Jurisdiction (including statutory citations);

**Ryan denies that this Court has personal jurisdiction over her; she has also pled improper venue and *forum non conveniens*. [*See* Doc. No. 22.] Ryan has scheduled a hearing before Judge Wright on January 29, 2019, on her motion to transfer and will be filing moving papers in accordance with LR 7.1. Ryan respectfully does not intend to actively participate in litigation on the merits in this Court unless and until her motion to transfer is denied. Accordingly, Ryan respectfully requests that the Court cancel the November 26, 2018, Pretrial Conference and stay litigation on the merits until the Court rules on Ryan's motion. Once the Court rules, Ryan intends to fully cooperate in litigation on the merits, including case scheduling, in the applicable forum.**

    3. Summary of Factual Stipulations or Agreements;

    5. Statement of whether jury trial has been timely demanded by any party;

    6. Statement of whether all process has been served;

    7. If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured; and

    8. If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.

**CLASS CERTIFICATION MOTION (*if applicable*)**

    1. Plaintiff(s) shall file their motion for class certification on or before _____.

---

[1] **Ryan also notes that on November 14, 2018, Defendant Lake Forest Bank filed an amended pleading that added a new party to the case, Michael Diyanni. The Court issued a summons as to Diyanni today, November 19, 2018. [Doc. No. 29.] Ryan is without knowledge as to whether Diyanni has been served or has been notified of the November 26 Pretrial Conference.**

    2. Defendant(s) shall file papers in opposition on or before _____.

    3. Plaintiff(s') reply shall be filed on or before _____.

## DISCOVERY

    Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 6(f)(3)(A)-(F) and design a discovery plan that is appropriate and proportionate to the case. The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan, and refers the parties to the Sedona Conference Cooperation Proclamation (2008) (copy attached).

    The details of the discovery plan should be set forth in this Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case. To the extent the parties cannot reach agreement on any particular item, they should set forth their separate positions in this section so that they can be discussed at the Pretrial Conference.

## FACT DISCOVERY

    The parties recommend that the Court establish the following fact discovery deadlines and limitations:

    **Ryan respectfully requests that the Court stay litigation on the merits until the Court rules on Ryan's motion to transfer. Once the Court rules, Ryan intends to fully cooperate in litigation on the merits, including case scheduling, in the applicable forum.**

    1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before _____. If the parties plan to disclose documents by describing them by category and location, they will exchange copies of the documents themselves on or before _____.

    2. Fact discovery procedures shall be commenced in time to be completed on or before _____. The parties will discuss whether an interim date for the substantial completion of document production

should be set to facilitate the scheduling and taking of depositions. If so, document production should be substantially complete by _____.

3. The parties **do / do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others. (If so, describe.)

4. The parties propose that the Court limit the use and number of discovery procedures as follows:

  a) No more than a total of _____ interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

  b) No more than _____ document requests shall be served by each side. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B) as amended effective December 1, 2015.

  c) No more than _____ requests for admissions shall be served by each side.

5. No more than ____ Rule 35 Medical Examinations shall be taken by Defendant and completed by _____.

6. No more than _____ depositions, excluding expert witness depositions, shall be taken by either side.

7. Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

The parties have reached the following additional agreements concerning the taking of depositions: _____.

8. The parties have agreed upon the following additional limitations on discovery procedures: _____.

9. Other discovery issues.

a) Discovery of Electronically Stored Information. The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order: _____.

**NOTE:** If it appears there will be significant electronic discovery, the parties should agree upon and attach to this Report an Electronically Stored Information ("ESI") Protocol, identifying any differences in position between the parties that should be addressed at the Pretrial Conference. The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section.

b) Claims of Privilege or Work Product Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502. As a result of those discussions, the parties:

> i) **Do / do not** request the Court to include the following agreement in the scheduling order:
>
> The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.
>
> ii) **Do / do not** request the Court to include the following agreement in the scheduling order:
>
> Unless otherwise ordered, the parties are not obligated to

6

include on their privilege logs documents, communications, or other materials that came into existence on or after the date that Plaintiff's first complaint was filed in this action. Privilege logs must be provided by the producing party [on or before _____] OR [within _____ days of the production from which documents were withheld].

If the parties have not agreed to the foregoing language, and/or have reached other or additional agreements concerning the process for handling privileged or work product information and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here:
_____.

**EXPERT DISCOVERY**

(In class action cases, indicate separately whether pre-class certification experts will be needed and provide the following information for disclosure as to such experts as well.)

The parties anticipate that they **will/will not** require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

**Ryan respectfully requests that the Court stay litigation on the merits until the Court rules on Ryan's motion to transfer. Once the Court rules, Ryan intends to fully cooperate in litigation on the merits, including case scheduling, in the applicable forum.**

1. Each side may call up to ____ expert witnesses. Each party may take one deposition per expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

   a) Identities by Plaintiff on or before _____.
   Disclosures by Plaintiff on or before _____.

   b) Identities by Defendant on or before_____.
   Disclosures by Defendant on or before _____.

   d) Rebuttal identities and disclosures on or before_____.

3. Expert discovery, including depositions, shall be completed by _____.

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

**Ryan respectfully requests that the Court stay litigation on the merits until the Court rules on Ryan's motion to transfer. Once the Court rules, Ryan intends to fully cooperate in litigation on the merits, including case scheduling, in the applicable forum.**

1. Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before _____.

2. All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before _____.

3. Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before _____.
[**NOTE:** Absent unusual circumstances, this date should be no more than two weeks following the close of fact discovery.]

4. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before _____.
[NOTE: Absent unusual circumstances, this date should be no more than two weeks following the close of expert discovery.]

5. The parties **do / do not** propose that a party be required to request an informal telephone conference with the Court *before* filing any formal discovery motion.

## PROTECTIVE ORDER

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference.

**PLEASE NOTE:** The Court has recently revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court (*http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf* or *http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.docx*). No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The parties are further directed to Magistrate Judge Bowbeer's Practice Pointers and Preferences with regard to this topic (copy attached). The parties are also reminded that their Stipulation for Protective Order must be filed in CM/ECF and a Word version of the document must be e-mailed to the chambers e-mail box.

## DISPOSITIVE MOTION DEADLINES

The parties **do / do not** believe that expert discovery must be completed before dispositive motions are filed. The parties recommend that all dispositive motions be filed and served (and heard, depending on District Judge assigned) on or before _____.

**Ryan respectfully requests that the Court stay litigation on the merits until the Court rules on Ryan's motion to transfer. Once the Court rules, Ryan intends to fully cooperate in litigation on the merits, including case scheduling, in the applicable forum.**

## SETTLEMENT

**Ryan respectfully requests that the Court stay litigation on the merits until the Court rules on Ryan's motion to transfer. Once the Court rules, Ryan intends to fully cooperate in litigation on the merits, including case scheduling, in the applicable forum.**

1. The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

The results of that discussion, including any proposals or recommendations, are as follows: _____.

2. Each party will email to Magistrate Judge Bowbeer's chambers, no later than **one (1) week before** the pretrial conference, a confidential letter of no more than three (3) pages, setting forth such additional, confidential information about the party's interest in settlement or possible settlement proposals as may be of assistance to Magistrate Judge Bowbeer in planning or furthering early settlement efforts. **PLEASE NOTE:** This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Bowbeer for ruling.

3. The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

## **TRIAL**

**Ryan respectfully requests that the Court stay litigation on the merits until the Court rules on Ryan's motion to transfer. Once the Court rules, Ryan intends to fully cooperate in litigation on the merits, including case scheduling, in the applicable forum.**

1. Trial by Magistrate Judge:

   The parties **have / have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.) Please note that if the parties consent to magistrate judge jurisdiction, all proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2. The parties agree that this case will be ready for trial on _____. The anticipated length of the (**bench/jury**) trial is ____ days.

Dated: November 19, 2018            Respectfully submitted,

                                                             <u>s/John H. Goolsby</u>
                                                             John H. Goolsby, #0320201
                                                             **GOOLSBY LAW OFFICE, LLC**
                                                             475 Cleveland Ave. N, Suite 212
                                                             Saint Paul, MN 55104
                                                             Telephone:  (651) 646-0153
                                                             jgoolsby@goolsbylawoffice.com
                                                             **Attorney for Kathy D. Ryan, in her capacity as Trustee of The Brody Family Trust, and Kathy D. Ryan, an individual**